IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY R. WALLACE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-00042 Erie |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff, Randy R. Wallace, Jr., filed an appeal from his denial of SSI benefits, demanding "$250,000 for pain and suffering and approva [sic] for SSI from the Social Security Administration." He filed with this Court a Motion for Leave to Proceed In Forma Pauperis (Docket #1), together with a proposed Complaint, on February 19, 2010.

However, Plaintiff neglected to sign the "I declare under penalty of perjury that the foregoing is true and correct," paragraph which appears on Page Two of the Motion for Leave to Proceed In Forma Pauperis, as is required. On March 9, 2010 we entered an Order denying the Motion, without prejudice, and returning Plaintiff's Motion to Proceed in forma pauperis to him with instructions to resubmit his Motion with the under penalty of perjury clause signed. Plaintiff was to have resubmitted his corrected motion by March 24, 2010 but failed to do so.

We thereafter entered an order requiring Plaintiff on or before April 23, 2010, to forward to the Clerk, U.S. District Court for the Western District of Pennsylvania, the required filing fee or suffer dismissal of this action for failure to prosecute. He has not done so.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir.1992). In <u>Poulis v. State Farm</u>

Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir.1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should dismiss the Complaint based on the Plaintiff's failure to prosecute.

Plaintiff has failed to comply with our orders and has not taken the necessary first steps to prosecute this case. Plaintiff is proceeding pro se in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to pay the filing fee or move to proceed in forma pauperis. With respect to the second factor, there appears to be no specific prejudice to Defendants other than general delay. With

respect to the third factor, Plaintiff has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. It does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail, specifically with respect to his claim for damages as a result of pain and suffering.

AND NOW, this __26th__ day of April, 2010, IT IS HEREBY ORDERED THAT this action is DISMISSED without prejudice on the grounds that the petition for leave to proceed in forma pauperis is deficient, 28 U.S.C. § 1915 (a)(1), and on the grounds of failure to prosecute.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Judge

cc:   Randy R. Wallace, Jr., Pro se
      703 West 19th Street
      Erie, PA 16502